FILED

10/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0218

DA 18-0218

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 273N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

RANDY LEE TYER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 17-36
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Danny Tenenbaum, Assistant Appellate Defender, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

          William E. Fulbright, Ravalli County Attorney, Meghann Paddock, Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  October 7, 2020

Decided:  October 27, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Randy Lee Tyer (Tyer) appeals from the November 22, 2017 Order Granting Leave to File Third Amended Information and the February 27, 2018 Judgment issued by the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶3 Tyer was initially charged by Information with two counts of sexual intercourse without consent (SIWOC), one count of sexual assault, and one count of indecent exposure to a minor. On October 25, 2017, the State filed an Amended Information, which deleted one of the SIWOC charges and added a new sexual assault charge. On November 16, 2017, the State filed its Second Amended Information, which removed some specificity of the conduct alleged, modifying Count I to SIWOC by "intercourse by penetration of the vulva" and modifying Count II to sexual assault by "sexual contact with the vulva[.]" Count III Sexual Assault and Count IV Indecent Exposure to a Minor remained unchanged. On November 22, 2017, the State sought leave to file its Third Amended Information to enlarge the date range of the four charged offenses by one year—the conduct was originally asserted to have occurred between January 1, 2015, and September 30, 2016, and the State sought to enlarge the time the alleged conduct occurred to between January 1, 2014, and September 30, 2016. In its motion the State noted Tyer objected to the amendment. On

2

that same day, the District Court granted the State's motion, concluding the amendment did not add or change the offenses charged and did not prejudice Tyer's rights. On the morning of the first day of trial, November 27, 2017, at the final pretrial conference, Tyer acknowledged receipt of the Third Amended Information and the court's prior granting of leave to file it. Tyer indicated he had objected to the amendment and continued to object to it as it was not timely having been filed under five days before trial. Other than untimeliness, Tyer did not assert any other objection to the Third Amended Information and specifically did not assert that the date change in any way impaired or altered his ability to proceed to trial and present a full defense.

¶4      Following this conference, the parties proceeded to trial. At trial, the child victim, E.C., testified extensively about Tyer touching her and exposing himself to her on several occasions. Her testimony was subjected to cross-examination. Following her testimony, the State sought to introduce a video of E.C.'s forensic interview, as well as testimony from her counselor, Val Widmer, which included testimony as to what E.C. had told and disclosed to her. Tyer objected on the basis of hearsay—asserting these included out-of-court statements made by E.C. which were going to be offered for their truth. The State contended E.C.'s statements made during the forensic interview and to Widmer were admissible non-hearsay under M. R. Evid. 801(d)(1). Tyer's counsel then attempted to point out that the hearsay exception found in Rule 801(d)(1) permitted prior inconsistent statements but did not permit admission of prior consistent statements unless offered to rebut a charge of subsequent fabrication or motive which counsel asserted did not exist here. The District Court then advised counsel of its mistaken belief that these statements

3

would not be hearsay as E.C. had already testified. Following this rather unusual

discussion,[1] defense counsel appeared to recognize the futility in trying to further educate

---

[1] THE COURT: Okay. I'm not seeing it as hearsay. This little girl has gotten on the stand and testified. That's in-court testimony.

MR. SMITH: Correct.

THE COURT: If this other person, the interviewer or the mom or somebody says, Yeah, that's what she told me, the way you could do it that's a little more cumbersome is you could put [E.C.] on in between her mother testifying.

> Did you have a conversation in September at 8 o'clock?
> Yes.
> What did [E.C.] say?
> Objection. Hearsay.
> [E.C.] comes on the stand. I told my mom this, that, and the other thing.
> The mom comes back on the stand. [E.C.] told me this, that, or the other thing.
> Next day what did you do? Did you talk to [E.C.] again?
> Yes.
> What did she tell you?
> Objection.
> [E.C.] gets back on the stand. I told my mom this, that, or the other thing.
> Mom back on the stand.

So it's a cumbersome way to go through dealing with the hearsay rule. And the way I said you could deal with it and the way the courts allow it to be dealt with is, if the state is going to link it up--and they said they were going to link it up by having [E.C.] on the stand—that's how you get the linkage between, Mom, did [E.C.] tell you something? Yes. What did she say? Objection; hearsay. I'm going to link it up. Okay. What did she say?

If the state fails to link it up, they've got a serious problem in their case. But the way I understood it [E.C.] got on the stand and she testified to everything.

Are you telling me that there's something that's going to come in through these interviews with Ms. Widmer or Ms. Vermillion that isn't what [E.C.] already testified about?

. . .

THE COURT: So is there something they're going to say that wasn't covered by [E.C.'s] testimony?

MR. SMITH: Potentially there is.

the court and conceded he would make his objections when they occurred during the video and Widmer's testimony. Following a break, the court and counsel engaged in further discussion regarding the forensic interview video. The State advised it believed the video was admissible pursuant to *State v. Mederos*, 2013 MT 318, 372 Mont. 325, 312 P.3d 438, which it interpreted to permit admission of prior consistent statements in conjunction with inconsistent statements when they blur together and the nature of the witness's testimony makes it difficult to separate out those two portions of the prior statement. The District Court recounted defense counsel's hearsay objection but indicated it had already determined the forensic interview was not hearsay as E.C. had already testified. Other than the hearsay objection which the court had overruled, defense counsel indicated no other objection to the video. The video was then admitted during the forensic interviewer's testimony.

---

THE COURT: What?

MR. SMITH: I can't, without giving you a transcript, go through point by point. I've now heard the testimony of [E.C], who is the in-court person. The state is now going to offer out-of-court statements, hearsay.

THE COURT: It's not hearsay anymore.

MR. SMITH: Okay. All right. So do I need to object to hearsay every time, or would the Court prefer I do not?

THE COURT: I'm not sure what you're objecting to.

MR. SMITH: Well, it's hearsay, Judge.

THE COURT: You're objecting to the admission of a video? Are you objecting to the witness talking about what [E.C.] told her?

MR. SMITH: Correct, both.

¶5     Following the forensic interviewer, the State called Widmer to testify. Throughout her testimony the prosecution repeatedly asked her questions calling for hearsay[2] to which defense counsel repeatedly objected. The objections were overruled without further explanation.

¶6     At the conclusion of trial, the jury found Tyer guilty of all charges. Tyer appeals, asserting the District Court erred in permitting the State to proceed on its Third Amended Information and the District Court erred in admitting E.C.'s forensic interview and out-of-court hearsay statements of E.C. made to Widmer. Tyer asserts the repetition of E.C.'s statements throughout the forensic interview and Widmer's trial testimony were inappropriately used to bolster E.C.'s testimony. Tyer seeks reversal and remand for a new trial.

¶7     Amendment to an Information is reviewed for abuse of discretion. *State v. Wilson*, 2007 MT 327, ¶ 19, 340 Mont. 191, 172 P.3d 1264. Evidentiary rulings are generally reviewed for an abuse of discretion, but when the trial court's rulings are based on an

---

[2] Q. What did [E.C.] tell you happened to her during the course of your counseling sessions?
. . .
Q. What specific types of abuse did [E.C.] disclose to you?
. . .
Q. What did [E.C.] tell you about how those instances made her feel?
. . .
Q. Why did [E.C] tell you about how she decided to tell?
. . .
Q. What did [E.C.] tell you she was worried about?
. . .
Q. Who else did she disclose abuse by during your counseling sessions?

evidentiary rule, we review those rulings de novo. *State v. Stewart*, 2012 MT 317, ¶ 23, 367 Mont. 503, 291 P.3d 1187.

¶8    Under § 46-11-205(3), MCA, the court may permit an information be amended as to form at any time before a verdict. Amendments of substance, though, are prohibited within five days of trial. Section 46-11-205(1), MCA. Here, the District Court determined the contested amendment was, in essence, one of form, not substance. We agree. The purpose of an information is to reasonably apprise the accused of the charges against him so he has the opportunity to prepare and present a full defense. The parties did not dispute that, in cases involving sexual abuse against younger children, Montana law does not impose exacting standards for identifying the dates of the offense as younger children are less likely to distinguish dates and times with specificity.[3] Other than objecting to the timeliness of the amendment, Tyer did not assert prior to appeal that the amendment in any way impaired his understanding of the offenses charged or impaired his ability to present a full defense. We conclude the amendment was one of form, not substance, and the District Court did not abuse its discretion in permitting the amendment.

¶9    We turn now to the hearsay issue. From our review of the record, the video of E.C.'s forensic interview clearly contains out-of-court statements made by E.C. offered for their truth.[4] The testimony of Widmer likewise contains out-of-court statements as to what E.C.

---

[3] The jury was instructed, without objection, that "in cases of sexual abuse against younger children, Montana law does not impose exacting standards for identifying the dates of the offenses. Younger children are less likely to distinguish dates and times with specificity."

[4] The State asserts Tyer did not specifically object to any prior statements of E.C. in her forensic interview. While we agree defense counsel at one time indicated he would pose objections to the

7

told or disclosed to her, also offered for their truth. The District Court erroneously determined the out-of-court statements made by E.C. at her forensic interview and to her counselor were not hearsay as E.C. had testified earlier and the court expected the prosecution would "link it up" later.[5]

¶10    Not all-out-of court statements constitute hearsay. M. R. Evid. 801(d)(1) provides an exception to an out-of-court statement presented where the declarant testifies at the trial and is subject to cross-examination concerning the statement under two separate circumstances. The first circumstance involves a statement that is "inconsistent with the declarant's testimony" which may include claimed lapses of memory. *Mederos*, ¶ 15 (citing M. R. Evid. 801(d)(1)(A)). The second involves a statement that is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of subsequent fabrication, improper influence or motive." *Mederos*, ¶ 15 (citing M. R. Evid. 801(d)(1)(B)). Further, a court may admit consistent statements in conjunction with inconsistent statements where the nature of a witness's testimony makes it difficult for the court, and likely confusing to the jury, to separate or parse out the consistent from the inconsistent portions of the prior statement. *Mederos*, ¶ 18. From our review of the record, the out-of-court statements made by E.C. consisted of both prior consistent and

---

video as they came up, it is clear from the court's discussion with counsel that Tyer objected to statements in the video made by E.C., asserting they were hearsay. The District Court clearly denied the objection based on its erroneous conclusion the statements were not hearsay as E.C. had testified earlier. The District Court clearly had opportunity to address the objection such that it was not waived by defense counsel's failure to further make hearsay objections during presentation of the video.

[5] We note there are no "the declarant testified earlier" or "link it up later" exceptions to hearsay.

inconsistent statements to those made by E.C. during her testimony.[6]  Given the nature of the forensic interview and Widmer's testimony, it would have been difficult for the court and confusing to the jury to try to parse the mixed inconsistent statements with the consistent ones.  Pursuant to M. R. Evid 801(d)(1) and *Mederos*, the out-of-court statements made by E.C. during her forensic interview and as testified to by Widmer were appropriately admitted into evidence.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[6] Here, E.C. testified at trial and was subject to cross-examination. During cross-examination inconsistencies between E.C.'s trial testimony and a defense interview were brought out including several instances where E.C. expressed lack of memory.  E.C.'s testimony was vague at times and somewhat unclear.